

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 12, 1951

Hon. Albert L. Bartley, Jr.      Opinion No. V-1187
County Attorney
Fannin County             Re: Fees of delinquent tax attor-
Bonham, Texas                  neys when taxes are paid
                                    after suit but before service
                                    of citation, answer, or other
Dear Mr. Bartley:               action in the suit.

        You request the opinion of this office upon two questions
which we shall restate and answer in the order presented.

        "Question No. One: Where the delinquent tax at-
torney files a suit for taxes against a taxpayer in which
suit no citation is issued or service of citation is pro-
cured, no answer is filed, and no further action is taken
by the said attorney, and the defendants therein subse-
quently remit the unpaid taxes to the tax collector, is
the said attorney entitled to his contractual commission
if the payment by the defendants was made after the con-
tract between the county and the attorney had expired,
but before six months of the following year had passed?

        "Question No. Two: In suits instituted by the de-
linquent tax attorney against delinquent taxpayers, is the
said attorney entitled to his contractual compensation
where he also was instrumental in filing the defendant's
answer which claims the ten year statute of limitations?"

        This office has heretofore answered your first question
in Opinion No. O-237 wherein the following question was asked:

        "Question 4: Does the contractor have the right
to a 13% commission on any recovery in the settlement
of a tax suit after December 31, 1938?"

        The following answer was given:

        "Suits that are filed by the tax attorney during the
contract period and settled by him within six months af-
ter the termination date are clearly contemplated by the
contract, and the provision referred to above that pro-
vides for payment to the attorney of 13% of the amount
collected applies without question to these cases.

"Our answer to your fourth question is that the contractor, the tax attorney, has the right to a 13% commission on a recovery in the settlement of a tax suit after December 31, 1938, provided the suit was filed by the tax attorney prior to December 31, 1938, during the term of the contract, and was settled within six months of December 31, 1938."

In view of the foregoing, we agree with your conclusion that the delinquent tax attorney in question is entitled to his contractual commission.

Your second question, at most, involves merely a question of legal ethics. It does not appear that there was any collusion or fraud practiced between the tax attorney and the defendants in the suits in which he prepared pleas of limitation on road district and school district taxes. They were filed by the taxpayers and not by him, and certainly the attorney's conduct in this respect is not such as to deprive him of the compensation which he would otherwise be entitled to receive under his contract. It is not the policy of the State to impose upon taxpayers unnecessary expenses in connection with the payment of their taxes, or to conceal from them legal defenses to the payment of the taxes accorded by statute.

Therefore, under the submitted facts, your second question is answered in the affirmative.

## SUMMARY

A tax attorney collecting delinquent taxes under a contract made in accordance with the provisions of Articles 7335 and 7335a, V.C.S., is entitled to the compensation provided in the contract on suits filed before the expiration of the contract where the taxes are paid within the six months provided in the contract after its expiration to conclude suits previously filed, regardless of whether judgment is entered in the suits.

In the absence of collusion or fraud between the taxpayer and the delinquent tax attorney, the mere fact that the attorney prepared pleas of limitation to school district taxes and road district taxes for the defendant

taxpayers, which are filed by them, does not affect the right of the attorney to his commission on the other taxes collected.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By L. P. Lollar
    L. P. Lollar
    Assistant

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant


LPL/mwb